```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

| | |
|---|---|
| United States of America | ) |
| | ) |
| | ) |
| v. | ) No. 04 CR 464-27 |
| | ) |
| | ) |
| | ) |
| Henry Ingram, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Memorandum Opinion and Order

Henry Ingram is serving a 240-month sentence for crimes he committed as a member of the Black Disciples ("BD") street gang. On February 3, 2006, Mr. Ingram pled guilty to Count One of the superseding indictment in this case, which charged a drug conspiracy involving at least five kilograms of cocaine, one kilogram of heroin, and fifty grams of cocaine base (crack) in violation of 21 U.S.C. §841(a). Mr. Ingram seeks relief pursuant to the First Step Act, asking me to reduce his sentence to time served. For the reasons stated below, I grant his motion but note that my decision does not disturb the forty-two-month consecutive sentence that Mr. Ingram acknowledges he received for assaulting a corrections officer while incarcerated.

Mr. Ingram is eligible First Step Act relief Count One of the superseding indictment charged the "covered offense" of a

conspiracy to distribute drugs that included crack cocaine. *See United States v. Shaw*, 957 F.3d 734, 735 (7th Cir. 2020) (statute of conviction, not offense conduct, determines eligibility). The government's contrary argument that Mr. Ingram is ineligible because Count One also involved cocaine and heroin offenses is at odds with *United States v. Hudson*, 967 F.3d 605, 610 (7th Cir. 2020) (so long as defendant is serving any part of his sentence for a covered offense, he is eligible for a sentence reduction under the First Step Act), a decision with which the government fails to grapple. *See also United States v. Gravatt*, 953 F.3d 258, 264 (4th Cir. 2020) (First Step Act authorizes a reduction in sentence "where the offense of conviction is a multi-object conspiracy where the penalties of one object (possession of crack cocaine) were modified by the Fair Sentencing Act, while the penalties of the other (powder cocaine) were not reduced and independently support [the defendant's] sentence"). Indeed, *Hudson* confirms the conclusion I reached when the government raised the same argument in opposition to the First Step Act motions of several of Mr. Ingram's co-defendants. *See United States v. Coates,* No. 04 CR 464-4, 2020 WL 2745974, at *2 (N.D. Ill. May 27, 2020) "[n]umerous district courts have ... decided that a defendant's offense is still 'covered' within the meaning of section 404(a) of the First Step Act when the defendant was convicted of a multiple-objective conspiracy."); United States v. White, 459 F. Supp. 3d

1115, 1117 (N.D. Ill. 2020)(holding that offense of conviction was a "covered offense," and "[t]hat Mr. White was convicted of a multi-object conspiracy does not change the analysis."); *United States v. Corey Evans*, 04 CR 464-6, DN 2694 at 3 (Oct. 18, 2019) ("Nor am I persuaded that a different outcome is warranted on the basis that Mr. Evans pled guilty to a conspiracy involving multiple substances.").

Further, consideration of the 18 U.S.C § 3553(a) factors persuades me that discretionary relief is appropriate. Although there is no denying the seriousness of Mr. Ingram's role in the BDs' drug distribution conspiracy, he has already served a substantial prison sentence and has made serious efforts at rehabilitation while incarcerated, earning his GED and participating in numerous educational and reentry programs. Additionally, it appears that Mr. Ingram has the support of his family, including three children, all of whom will be adults by the time of his release. Finally, although Mr. Ingram pled guilty to assaulting a correctional officer resulting in an additional prison sentence, that episode occurred over seven years ago, and the government does not point to any disciplinary issues since that time or otherwise offer any reason to believe that Mr. Ingram remains a danger to the community.

For the foregoing reasons, I conclude that Mr. Ingram is entitled to relief under the First Step Act and reduce his sentence

on Count One of the superseding indictment to time served. Mr. Ingram shall be released immediately upon completion of the consecutive sentence imposed on his assault conviction. All other terms of his sentence remain unchanged.

                                      **ENTER ORDER:**

*[signature: Elaine E. Bucklo]*

                                      **Elaine E. Bucklo**
                                      United States District Judge

Dated: November 25, 2020